**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| LEIMCO DEVELOPMENT CO., LTD. | ) | CASE NO.: |
| 8500 Station Street #113 | ) | |
| Mentor, Ohio 44060 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE |
| vs. | ) | |
| | ) | |
| LISA P. JACKSON, | ) | |
| Administrator, | ) | |
| UNITED STATES ENVIRONMENTAL | ) | |
| PROTECTION AGENCY | ) | **COMPLAINT** |
| 1200 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20460 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LT. GEN. ROBERT L. VAN ANTWERP, | ) | |
| JR., | ) | |
| Commander, | ) | |
| UNITED STATES ARMY CORPS OF | ) | |
| ENGINEERS | ) | |
| 441 G. Street, N.W. | ) | |
| Washington, DC 20314 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| STEPHEN W. MADEWELL, | ) | |
| Executive Director, | ) | |
| LAKE METROPARKS | ) | |
| 12211 Spear Road | ) | |
| Concord Township, OH 44077 | ) | |
| | ) | |
| Defendants. | | |

Now comes Plaintiff Leimco Development Co. Ltd. (hereinafter "Leimco"), by and

through its undersigned counsel, Dworken & Bernstein Co., L.P.A., and for its Complaint against

1

Defendants, Lisa P. Jackson, Administrator of the United States Environmental Protection Agency (hereinafter "EPA"), Lt. Gen. Robert L. Van Antwerp, Jr., Commander of the United States Army Corps of Engineers (hereinafter "Corps") and Stephen W. Madewell, Executive Director of the Lake Metroparks (hereinafter "Metroparks") states as follows:

## PARTIES

1. Leimco is a limited liability company formed under the laws of the State of Ohio.

2. Defendant Lisa P. Jackson is the Administrator of EPA. In that capacity, she bears responsibility for all final actions of EPA. Administrator Jackson is sued in her official capacity.

3. Defendant Lt. Gen. Robert L. Van Antwerp, Jr. is the Commander of the Corp. In that capacity, he bears responsibility for all final actions of the Corp. Commander Van Antwerp, Jr. is sued in his official capacity.

4. Defendant Stephen W. Madewell is the Executive Director of Metroparks a park district formed under chapter 1545 of the Ohio Revised Code. In that capacity he bears responsibility for all final actions of the Metroparks. Executive Director Madewell is being sued in his official capacity.

5. Pursuant to Fed. R. Civ. P. 4(i)(2) service of process was accomplished by certified mail to Defendants Lisa P. Jackson, Lt. Gen. Robert L. Van Antwerp, Jr. Both United States Attorney General Eric H. Holder, Jr. and the United States Attorney for the Northern District of Ohio, Steven M. Dettelbach, were served by certified mail pursuant to Fed R. Civ. P. 4(i)(1). Pursuant to Ohio R. Civ. P. 4.2(O) service of process was accomplished by certified mail to Defendant Stephen W. Madewell

## JURISDICTION AND VENUE

6. Plaintiff Leimco realleges and reavers each and every allegation contained in Paragraphs One (1) through Five (5) of this Complaint as if fully rewritten herein.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1355, and 2201

8. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §1391(b) and (c) and 2201.

## FACTS

9. Leimco realleges and reavers each and every allegation contained in Paragraphs One (1) through Eight (8) of this Complaint as if fully rewritten herein.

10. Leimco owned and/or controlled approximately 87.46 acres of land located in Painesville, Ohio north of Jackson Street, west of State Route 44 and south of an elevated Conrail railroad (hereinafter "Initial Site").

11. Defendants Corps and EPA allege that Leimco used bulldozers, backhoes and other mechanized equipment or machinery to discharge dredged and fill materials at the Initial Site.

12. On or about June 5, 2003, the EPA issued to Leimco a Findings of Violations and Compliance Order pursuant to 33 U.S.C. §1319(a).

13. In an effort to remedy the alleged violations identified by the EPA and the Corps at the Initial Site, on or about April 25, 2005 Leimco and the EPA agreed to a Consent Agreement and Final Order which was filed with the Regional Hearing Clerk, U.S. Environmental Protection Agency, Region 5 on April 25, 2005 (hereinafter "CAFO").

14. A copy of the CAFO is attached hereto as Exhibit "A" and made a part hereof.

15. The CAFO provided that Leimco was to submit a Wetland Mitigation Replacement Plan which provided for, among other things the following items:

    (a) Identification of the wetlands mitigation project involving Leimco and other unrelated third parties that will occur at the 340 acre Site located in Lake County, Leroy Township, Ohio (hereinafter "Mitigation Site");

    (b) A plan to create, restore, enhance and preserve no less than 38.72 acres of the 67 acres of wetlands and aquatic habitat, located within areas 1, 2, 3 and 4 consistent with a Preliminary Wetlands Assessment and Mitigation Site Evaluation submitted by Leimco in June of 2004 as amended;

    (c) A plan to be conducted, in concert with unrelated third parties, to restore, enhance and preserve the biological wetland functions existing on no less than 71 acres of additional wetland acres, excluding buffer, of the Mitigation Site;

    (d) Compliance with the Mitigation and Monitoring Guidelines, prepared by the Corps;

    (e) A plan providing for the restoration of biological and habitat functions for the 23-acre abandon/prior-converted agricultural field within the Mitigation Site; and

    (f) The transfer by deed of ownership interest in the Mitigation Site, including all upland buffer areas to Defendant Metroparks, when project completed and accepted by Defendant Corps.

16. In or about March, 2004, Leimco entered into a Joint Venture Agreement with Shamrock Business Center, Ltd. and Mortell & Associates for the purpose of acquiring the Mitigation Site.

17. Shamrock Business Center, Ltd. and Mortell & Associates are the unrelated third parties referenced in the CAFO.

18. Leimco, Shamrock and Mortell acquired the Mitigation Site.

19. Leimco, Shamrock and Mortell engaged HzW Environmental Consultants, LLC (hereinafter "HzW") for the purposes of developing a Joint Mitigation Plan (hereinafter "Joint Mitigation Plan") relative to the Mitigation Site.

20. The Joint Mitigation Plan provided for the preservation, enhancement, creation, and maintenance of wetlands on the Mitigation Site.

21. The Joint Mitigation Plan was reviewed and approved by Defendants EPA and the Corps.

22. On or about November 17, 2004, Leimco, Shamrock and Mortell entered into an agreement with Defendant Metroparks whereby Defendant Metroparks was responsible for supervising the preservation, enhancement, and creation of wetlands pursuant to the Joint Mitigation Plan (hereinafter "Metroparks Agreement").

23. A copy of the Metroparks Agreement is attached hereto as Exhibit "B" and made a part hereof.

24. Pursuant to the Metroparks Agreement, Leimco, Shamrock and Mortell would convey the Mitigation Site to Defendant Metroparks as part of the Joint Mitigation Plan, when the plan was accepted and completed by the Corps.

25. On or about April 5, 2007, the Corps issued a final ATF §404 CWA Permit regarding implementation of the Joint Mitigation Plan which had been approved for the Mitigation Site.

26. On or about February 21, 2008, Defendant EPA issued a Notice of Non-Compliance relative to the implementation of the Joint Mitigation Plan at the Mitigation Site pursuant to the CAFO, based on its contention that 53.5 acres of the Wetlands Mitigation Project

at the Mitigation Site had been adversely impacted by mechanical clearing and deforestation activities.

27. A copy of the February 21, 2008 Notice of Non-Compliance is attached as Exhibit "C" and made a part hereof. (Hereinafter "Notice of Non-Compliance).

28. The Notice of Non-Compliance required Leimco to submit a plan specifying in detail the corrective actions that Leimco proposed taking with respect to the alleged non-compliance with the Joint Mitigation Plan and CAFO.

29. Since the issuance of the Non-Compliance Notice and as part of ongoing settlement negotiations, the parties have attempted to negotiate a revised Mitigation Plan for the Mitigation Site, but have been unsuccessful in doing so.

30. Since the issuance of the Notice of Non-Compliance, Defendant EPA and the Corps have prevented Leimco from completing the Joint Mitigation Plan.

31. Since the issuance of the Notice of Non-Compliance, Defendants EPA and the Corps have failed to agree to a revised Joint Mitigation Plan for the Mitigation Site.

32. Pursuant to the issuance of the Notice of Non-Compliance, Defendants EPA and the Corps seek to enforce a civil penalty against Leimco in the amount $787,500.00 as of the filing of this Complaint plus an additional $1,000.00 per day thereafter.

33. Leimco contends that it had not violated the Joint Mitigation Plan or the CAFO as alleged in the Notice of Non-Compliance and that Defendant EPA and/or the Corps improperly prevented Leimco from completing the Joint Mitigation Plan and is improperly seeking revisions to the Joint Mitigation Plan and/or CAFO.

### COUNT I - DECLARATORY JUDGMENT AGAINST EPA AND THE CORPS

34. Plaintiff Leimco realleges and reavers each and every allegation contained in Paragraphs One (1) through Thirty-Three (33) of this Complaint as if fully rewritten herein.

35. Leimco and Defendants Corps and EPA have a controversy which is justicable in nature.

36. Defendants EPA and/or the Corps are preventing Leimco from completing its projects on the Initial Site and the Mitigation Site based on Defendant EPA and the Corps allegations that Leimco is in non-compliance with the CAFO and Joint Mitigation Plan as set forth in the Notice of Non-Compliance.

37. Leimco is entitled to a declaratory judgment in accordance with 28 U.S.C. §2201 which provides that it is in full compliance with the CAFO and the Joint Mitigation Plan and which prohibits Defendants EPA and the Corps from interfering with the completion of the Joint Mitigation Plan and/or the issuance of permits for the initial site and/or Mitigation Site.

### COUNT II – DECLARATORY JUDGMENT AGAINST METROPARKS

38. Plaintiff Leimco realleges and reavers each and every allegation contained in Paragraphs One (1) through Thirty-Seven (37) of this Complaint as if fully rewritten herein.

39. Leimco and Defendant Metroparks have a controversy which is justicable in nature.

40. Paragraph 3 of the Metroparks' Agreement provides that Metroparks agrees that in the event that the Corps determines that the wetlands which are preserved, enhanced or created by Leimco under the supervision of the Metroparks or that the maintenance, monitoring and reporting thereon are not in compliance with the Joint Mitigation Plan and/or the requirements of

the Corps, the Metroparks shall at its sole cost and expense undertake all such actions as shall be necessary in order to bring such violations into compliance with the Joint Mitigation Plan and the requirements of the Corps, and to indemnify, defend and hold harmless Leimco, Shamrock and Mortell from any and all costs and expenses associated with the Metroparks' failure to do so.

41. Leimco is entitled to a declaratory judgment in accordance with 28 U.S.C. §2201 providing to the extent that Defendants EPA and/or the Corps are held to be correct in their position that Leimco has not complied with the Joint Mitigation Plan and CAFO, Defendant Metroparks is required to indemnify, defend and hold harmless Leimco from any and all costs and expenses associated with any actions needed to bring Leimco in compliance with the Joint Mitigation Plan.

WHEREFORE, for the foregoing reasons, Plaintiff Leimco is entitled to a declaratory judgment as set forth in this Complaint.

Respectfully submitted,

/s/ Richard N. Selby, II
Richard N. Selby, II, Esq. (#0059996)
rselby@dworkenlaw.com
Melvyn E. Resnick (#0009690)
mresnick@dworkenlaw.com
Grant J. Keating, Esq. (#0079381)
gkeating@dworkenlaw.com
DWORKEN & BERNSTEIN CO., L.P.A.
60 South Park Place
Painesville, Ohio 44077
(440) 352-3391
Attorneys for Plaintiff Leimco Development Co.